UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ERIC BERNARD SCOTT,            )
                               )
    Petitioner,                )
                               )
v.                             )    Case No. CV405-151
                               )
KEVIN ROBINSON, WARDEN,        )
                               )
    Respondent.                )

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 16. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

I.  **Background**

Petitioner was indicted in Chatham County on charges of malice murder, felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Resp. Ex. 1 at 6. On October 4, 1991, following a jury trial, petitioner was found guilty on all

charges, except felony murder. Resp. Ex. 1 at 304. Petitioner was sentenced to life on the malice murder conviction, a concurrent five year sentence on the possession of a firearm by a convicted felon conviction, and a consecutive five year sentence on the possession of a firearm during commission of a felony conviction. Resp. Ex. 1 at 306. Petitioner filed a direct appeal to the Georgia Supreme Court, which upheld his conviction on July 15, 1993. Scott v. State, 432 S.E.2d 107 (Ga. 1993).

On September 8, 1995, petitioner filed an application for a writ of habeas corpus in the Lowndes County Superior Court. Resp. Ex. 7. The state court denied the petition for habeas relief on March 13, 1996. Resp. Ex. 8. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on May 10, 1996. Resp. Ex. 9. Petitioner filed the instant § 2254 petition on August 5, 2005. Doc. 1.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an

impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year limitations period is also tolled while a prisoner seeks state habeas corpus relief. Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner's state court convictions became final on July 15, 1993 when the Georgia Supreme Court affirmed his convictions and sentences. AEDPA, however, did not become effective until April 24, 1996. The Eleventh Circuit has held that to apply the limitations period to a state prisoner's conviction that became final prior to the effective date of AEDPA is "unfair and impermissibly retroactive." Wilcox v. Fla. Dep't of

Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998); Drew v. Dep't of Corrections, 297 F.3d 1278, 1296 (11th Cir. 2002). Accordingly, such prisoners have until April 24, 1997, one year after the enactment of AEDPA, to file a § 2254 motion. United States v. Moore, 344 F.3d 1313, 1320 (11th Cir. 2003).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's state habeas petition was pending until May 10, 1996, when the Georgia Supreme Court denied his application for a certificate of probable cause to appeal. Petitioner then had one year from that date in which to file a petition for habeas relief in this Court. Petitioner filed the instant action on August 5, 2005, over nine years later. The instant action is extremely belated and, therefore, must be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 28th day of **March, 2006.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA